# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEUTSCHE BANK NATIONAL TRUST CO.,
on behalf of the registered holders of GSAMP
Trust 2005-HE-1, Mortgage Pass-Through
Certificates, Series 2005-HE1 3815
South West Temple Salt Lake City Utah 84115                    Case No. 1:15-cv-814

       Plaintiff,

                                          Black, J.
         v.                                                  Bowman, M.J.

DONNA L. WOLF, et al.,

       Defendants.

## REPORT AND RECOMMENDATION

The above captioned case was removed to this Court by two *pro se* Defendants, Donna L. Wolf and James Wolf, Jr.   Pursuant to local practice, the case has been referred to the undersigned magistrate judge for pretrial proceedings, including a Report and Recommendation on any dispositive motions.   See 28 U.S.C. §636(b).   Currently pending is a motion by Plaintiff Deutsche Bank National Trust Company (hereinafter "Bank") to remand to state court and impose an award of fees and costs.   For the following reasons, the Bank's motion should be granted.

### I.  Background

### A.  State Court Proceedings

On March 6, 2015, Plaintiff Deutsche Bank National Trust Company, as Trustee, filed a complaint in the Hamilton County Court of Common Pleas against Defendants Donna L. Wolf and James Wolf Jr., seeking foreclosure of certain real property under state law.   Two additional defendants were named in state court but have not appeared in this proceeding. *See Deutsche Bank National Trust Company as Trustee v. Donna L. Wolf*, Hamilton County

Civil Case No. A 1501263.[1] Following service, Defendants Donna and James Wolf filed numerous documents in state court, including a "Demand for Validation and Proof of Claim," a "Notice of Fault and Opportunity to Cure Sworn Dispute and Demand for Validation and Proof of Claim," a "Notice of Default of Sworn Depute [sic] and Demand for Validation and Proof of Claim."

The Wolf Defendants continued to file additional documents, including a "Notice of Demand for Dismissal," and an "Affidavit of Truth." On December 23, 2015, the Wolf Defendants filed a "Notice of Demand for Jury Trial" as well as another "Notice of Default of Sworn Depute and Demand for Validation and Proof of Claim." In the latter document, Defendants purport to give "Notice" to the state court of their "Notice of Removal" of the foreclosure case to this federal Court.

On January 4, 2016, the Wolf Defendants filed an "Affidavit of Forged Documents" in which they challenged the validity of their signatures on a promissory note in the state court record, as well as a separate "Objection to Any Decision and Challenge of Subject Matter Jurisdiction" in the state court after the alleged removal to this federal Court. The Wolf Defendants filed a third document on the same date entitled "Judicial Notice Pursuant to 201(D) Ohio Rules of Evidence MANDATORY" in which, while "making a special appearance before this [state] court under the supplemental rules of Admiralty, Rule E(8)…." the Defendants continued to assert that the "original promissory note used by the Plaintiff [Bank] is a forgery," among other defenses.

_____

[1] Showcase Building and Design, Inc. and the Ohio Department of Taxation are identified as additional Defendants in the state court action, but have not appeared in this Court. Their absence poses another obstacle to removal. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A).

Plaintiff Bank filed several responses to Defendants' various pleadings and other documents, as well as a motion seeking summary judgment.

On January 5, 2016, Ohio Court of Common Pleas Magistrate Michael Bachman filed a decision "Overruling Borrower's Pleadings & Granting Plaintiff's Motion for Summary Judgment." The state court thereafter entered judgment in favor of the Bank, directing the property to be foreclosed and that "an order of sale shall issue to the Sheriff of Hamilton County, directing him to appraise, advertise, and sell the Property…."

On January 19, 2016, the Wolf Defendants filed a "Sworn Objection to Magistrate's Decision" arguing in part that the state court lacked jurisdiction to enter its foreclosure order following the Defendants' alleged removal to this federal Court.

**B. Federal Court Proceedings**

As reflected in the state court record, on December 23, 2015, the Wolf Defendants purported to remove the foreclosure case to this Court by filing a "Notice of Removal" together with a copy of the original complaint filed in state court, and the requisite $400.00 filing fee. (Docs. 1-3). A copy of the then-pending motion for summary judgment filed by the Plaintiff Bank also was filed. (Doc. 4).

On January 7, 2016, Plaintiff Bank promptly filed a motion to remand this case back to state court, citing a lack of federal jurisdiction. The Wolf Defendants have filed a written response in opposition to remand, to which the Bank has filed a reply.[2]

**1. Asserted Basis for Federal Jurisdiction in Notice of Removal**

Defendants' "Notice of Removal (Federal Questions)" is a 6-page document that, in

---

[2]Plaintiff Bank attached state court pleadings as exhibits to its reply memorandum, in support of its motion for remand. Plaintiff Bank denies the validity of the defenses presented by the Wolfs, including but not limited to the defense of forgery. Because this federal Court has no jurisdiction, it is unnecessary and would be inappropriate to consider the parties' substantive arguments.

some respects, more closely resembles a *pro se* complaint rather than a Notice of Removal.[3]

The document states, in relevant part:

> COMES NOW donna lynette and james jr of the family wolf, American
> National, Sui Juris, who is neutral in the public, who is unschooled in law, and
> making a special appearance before this court under the supplemental rules of
> Admiralty, Rule E(8), a restricted appearance, without granting jurisdiction, and
> notices the court of enunciation of principles as stated in Haines v. Kerner, 404
> U.S. 519, wherein the court has directed that those who are unschooled in law
> making pleadings and/or complaints shall have the court look to the substance
> of the pleadings rather in than the form, and hereby makes the following
> pleadings/notices in the above referenced matter without waiver of any other
> defenses..
>
> II SUBJECT MATTER JURISDICTION
>
> This Court has original jurisdiction of this action under federal question
> jurisdiction pursuant to 28 U.S.C. §§1331. 1441(a), 1441(b) and 1445.  The
> action may be removed to this Court pursuant ot 28 U.S.C. §§1331. 1441(a).
> 1441(b) and Article III section 2 of the united state constitution.
>
> III.  THE GROUNDS FOR REMOVAL
>
> * * *.
> 3.  There is no evidence of an injured party and an injured party has not
> appeared in court to testify of an injury, therefore there is no corpus delicti or
> two sides to give the court subject matter jurisdiction.
>
> 4.  The Debt collector in this case is in breach of contract the debt collector has
> not verified the debt pursuant to 15 USC 1692g (b) and is still trying to collect
> the debt.
>
> 5.  The Judge and the court in this case is in breach of contract it has not put
> its bond for its cross over tax liability in violation of Title 28 USC §7201 and
> 7202.
>
> 6.  The Plaintiff [Bank] in this case is in violation of title 18 U.S.C. §474 by
> using copies that do not qualify as copies of securities and qualify as
> counterfeiting.
>
> 7.  The case is brought before the court in the color of law to take my personal
> property and is violating 18 USC §241 and §242.

(Doc. 1 at 1, 3)(all capitalization, spelling, and grammar original).

---

[3]To that extent, Defendants' "Notice" arguably does not comply with 28 U.S.C. §1446(a).

In the next six numbered paragraphs, Defendants' "Notice" alleges that Plaintiff Bank "is in violation of 18 U.S.C. §§1001 and 1005, that the "Original Contract" violates 42 U.S.C. §4012(a), that the Bank "has committed Mail and Wire Fraud" and "Bank Fraud" in violation of 18 U.S.C. §§1341, 1343, that the Bank is also in violation of "12 C.F.R. §202.16, Equal Opportunity Act," and both criminal and civil RICO. (*Id.* at ¶¶8-13).

While much of Defendants' "Notice" is difficult to decipher, ¶14 is particularly confusing to the extent that it appears to allege in part that this federal Court <u>lacks</u> jurisdiction over the instant lawsuit. (Doc. 1 at 4, ¶14, "Therefore the court has no subject matter jurisdiction"). However, in ¶15, Defendants reassert federal jurisdiction over this "Breach of Contract suit in equity" based on a dizzying array of federal laws, statutes, and regulations, including:

> Article III section 2, the Third Amendment, the Fourth Amendment, the six Amendment, treaty of peace and friendship, Statues at Large 1 (1789), 15 Statues at Large Chapter 249 Section 1 July 27th 1868, Title 22 CFR 93.1-93.2, Title 28 USC 1330, Title 18 USC §1956, 26 US Code §7201 and 7206, Title 12, U.S. Code, Section 152, 18 U.S.C. 1961, 18 U.S.C. 1964, 18 U.S.C., Sections 1341, 1343 and 1344, 18 U.S.C. §1001 and 1005, Uniform Commercial Code 3-603(b) and PUBLIC LAW 73.10 CHAPTER 48 STATUE 48 112.

(*Id.*). Defendants conclude that based "on the above mention codes, lack of subject matter jurisdiction, Article III court requirement and the lower court is committing a bill of attainder by trying this case under the color of law without a trial, this case fall under Title 28 U.S.C. § 1441(a)." (*Id.*). In response to Plaintiff Bank's motion to remand, Defendants further claim that they have "a right to an Article III Court and the Hamilton County Court is not [an] Article III Court." (Doc. 6 at 7).

## 2. Grounds for Remand

Plaintiff Bank's motion to remand this foreclosure case to state court (Doc. 5) states clear and irrefutable grounds for granting said motion. In addition to seeking

remand for improper removal, Plaintiff Bank seeks the imposition of an award of "just costs and actual expenses, including attorney fees, incurred by Plaintiff as a result of improper removal."  (Doc. 5 at 1).  The Bank's motion should be granted and its reasonable costs and expenses should be awarded.

### a.   Lack of Jurisdiction For Removal Under 28 U.S.C. §1441

Removal of a state court action on the basis of federal question jurisdiction is appropriate only if the suit could have been brought in federal district court as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. §1441(b).   However, there is absolutely no basis for federal jurisdiction over the complaint filed by Plaintiff Bank against the Wolf Defendants in state court.   Under the "well-pleaded complaint" rule, a plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law, as the Defendant Bank has done in this case.   *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   Thus, the Wolf Defendants may not invoke this Court's federal jurisdiction merely by asserting that one federal law or another will provide them with a defense to the Bank's claims.   *See id.* at 393; *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (1989)(foreclosure of mortgage under state law raises no federal issue, plaintiff's "reliance upon federal regulations in his defense notwithstanding.")   Other than Defendants' nonsensical and facially frivolous defenses, the Bank's complaint for foreclosure relies exclusively on state law remedies and does not implicate any federal laws.

Published Sixth Circuit case law, as well as a multitude of unpublished cases, universally hold that removal of a foreclosure action from state court to federal court is

improper and "devoid of even fair support." *See, e.g., Chase Manhattan Mortg. Corp. v. Smith*, 507 F.2d 910, 913 (6th Cir. 2007); *Deutsche Bank Nat'l Trust Co. v. Montgomery*, Case No. 1:13-cv-367-MRB, 2014 WL 5460546 (S.D. Ohio Oct. 27, 2014)(remanding improperly removed foreclosure action); *Citigroup Global Markets Realty Corp. v. Brown*, Case No. 2-13-cv-1232, 2014 WL 4748615 at *6 (S.D. Ohio, Sept. 23, 2014)("The claims in a foreclosure action do not depend on the validity, construction, or effect of a federal law."); *Citimortgage v. Nyamusevya*, Case No. 2:13-cv-680, 2014 WL 1217971 (S.D. Ohio, March 21, 2014)(no federal jurisdiction over state foreclosure action); *Bank v. America v. Smith*, Case No. 1:13-cv-598-SJD, 2013 WL 5521787 (S.D. Ohio Oct. 3, 2013)(remanding improperly removed foreclosure action); *PNC Bank, N.A. v. Cook*, Case No. 1:12-cv-930-MRB, 2013 WL 97983 (S.D. Ohio Jan. 8, 2013)(R&R holding same, adopted by Barrett, J.); *Bank v. America v. Davidson*, Case No. 1:12-cv-26-SJD, 2012 WL 404870 (S.D. Ohio Jan. 20, 2012)(same); *JPMorgan Chase Bank, N.A. v. Canyon*, Case No. 1:10-cv-894-MRB, 2010 WL 7199515 (S.D. Ohio Dec. 29, 2010).

Although the Wolf Defendants have not (yet) attempted to invoke diversity as an alternative ground for removal, removal based on diversity jurisdiction is appropriate only if the defendant is not a citizen of the state in which the action is brought. Here, the Wolf Defendants are residents of Ohio, defeating any claim of removal based on diversity jurisdiction. *See also Countrywide Home Loans, Inc. v. Bartmasser*, 2008 WL 4678840 at *1 (holding that the Treasurer of Franklin County, Ohio was a necessary party that would defeat diversity, since the County Treasurer holds an interest in mortgaged property).

### b. Untimeliness of Removal

As Plaintiff Bank points out, a Notice of Removal must be filed within 30 days after the receipt by a defendant of a copy of the initial pleading. The state court record reflects that the Wolf Defendants were served March 11, 2015 via process server,[4] and filed responsive pleadings on both March 31, 2015 and May 1, 2015. Therefore, aside from the clear failure of any basis for federal jurisdiction, the Notice of Removal was untimely. *See* 28 U.S.C. §1446(b); *see also James v. Guaranteed Rate, Inc.*, Case No. 1:09-cv-38-SSB, 2009 WL 928285 (S.D. Ohio April 6, 2009)(dismissing removal action based on lack of federal jurisdiction over state foreclosure action but noting that removal also was untimely).

### c. *Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine also precludes federal jurisdiction over this case. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The Wolf Defendants appear to have sought removal in order to obtain a stay of the state proceedings, alternatively, a reversal of the state court's prior entry of judgment of foreclosure.

In response to Plaintiff Bank's motion to remand, the Wolf Defendants assert that they "will be filing an [sic] Constitutional Challenge" to Ohio laws and rules that, as best the undersigned can ascertain, Defendants believe were unconstitutionally applied in the underlying state foreclosure action. (Doc. 6 at 3). Defendants contend that the state court judgment of foreclosure was entered without jurisdiction, based upon Defendants'

---

[4]The return of service was filed in state court on March 16, 2015.

purported removal of the foreclosure action to this United States District Court.   (*Id.* at 5-6).   Defendants appear to seek an order stating that the state court magistrate "must be disqualified because he is making decision[s] outside his powers and does not have the appearance of impartiality."   (*Id.* at 6).   Most of Defendants' response to the Plaintiff's motion for remand is an attack on the state court proceedings and judgment. To the extent that Defendants have any remedy or appeal, it lies in state court.   *See e.g., Federal Home Loan Mortgage Corp. v. Leer*, 2009 WL 1789107 (W.D. Mich., June 17, 2009)(citing *Rooker-Feldman* among other reasons for lack of jurisdiction); *James*, *supra* at *5-6 (same, collecting Sixth Circuit cases dismissing state foreclosure actions under *Rooker-Feldman* doctrine).

### d.   Imposition of Monetary Sanction Award

Pursuant to 28 U.S.C. §1447(c), a district court must remand based upon the lack of subject matter jurisdiction.   The statute further provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005), the United States Supreme Court granted certiorari expressly "to determine the proper standard for awarding attorney's fees when remanding a case to state court" under the discretionary language used in the statute.   The Court provided the following guidance:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the

> desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these "large objectives," *Zipes, supra,* at 759, 109 S.Ct. 2732, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *e.g., Hornbuckle,* 385 F.3d, at 541; *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 293 (C.A.5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Id.*, 546 U.S. at 140-41.

In a similar improperly removed foreclosure case, *Chase Manhattan Mortg. Corp.*, the Sixth Circuit affirmed not only remand, but the imposition of fees and costs based upon the lack of any objectively reasonable basis for the clearly improper removal to federal court. *Id.*, 910 F.2d at 914, citing *Martin v. Franklin Capital Corp.*, *supra*. The Sixth Circuit held that the imposition of costs and fees in the amount of $6513.16, was appropriate even though the defendants had been granted *in forma pauperis* status in federal court, and even though they had filed for bankruptcy.[5]  *Id.* at 915-916; *see also 3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010)(awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable).

Other courts within the Sixth Circuit and in other circuits have reached the same conclusion on similar facts involving improperly removed foreclosure actions.  *See, e.g.,*

---

[5]The bankruptcy court had granted relief from the automatic stay to permit the bank to proceed with the state foreclosure action.

*Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008)(directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014)(awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014)(affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

It is abundantly clear that the Wolf Defendants improperly removed this state foreclosure action without any objectively reasonable basis for doing so. The sole purpose of removal appears to have been to delay or negate the foreclosure state court proceedings. The Wolf Defendants do not proceed *in forma pauperis* in this case, having paid the requisite $400.00 filing fee. In any event, neither a litigant's *pro se* status nor *in forma pauperis* status will preclude the imposition of fees under 28 U.S.C. §1447(c) in a case like this one.

Plaintiff has filed as an exhibit to its motion to remand an affidavit that reflects fees of $800.00 incurred as a direct result of the improper removal. Limiting their arguments to federal jurisdiction, the response of the Wolf Defendants does not challenge the reasonableness of the expenses incurred by Plaintiff Bank. In addition to the affidavit of

11

itemized expenses attached to the motion to remand, Plaintiff Bank's reply memorandum contains an additional accounting that reflects an additional $400.00 in fees incurred in drafting the reply.   Based upon the reasonableness of the itemized accounting provided by the Plaintiff Bank, the undersigned recommends the imposition of a sanction of $1200.00 against the Wolf Defendants based upon the improper removal.   This federal court will retain jurisdiction over the issue of a fee award even after remand.   *Toledo Police Patrolmen's Ass'n v. City of Toledo*, 167 F. Supp.2d 975 (N.D. Ohio 2001).

### III.   Conclusion and Recommendation

Accordingly, for these reasons, it is therefore **RECOMMENDED:**

1.   Plaintiff's motion to remand (Doc. 5) be **GRANTED** and that this case be **REMANDED** as improperly removed;

2.   Plaintiff's request for the imposition of reasonable costs and fees (Doc. 5) also should be **GRANTED** and the Wolf Defendants should be directed to pay the Plaintiff Bank's reasonable costs and fees in the amount of $1,200.00.


  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

12

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DEUTSCHE BANK NATIONAL TRUST CO.,
on behalf of the registered holders of GSAMP
Trust 2005-HE-1, Mortgage Pass-Through
Certificates, Series 2005-HE1 3815
South West Temple Salt Lake City Utah 84115       Case No. 1:15-cv-814

      Plaintiff,

                     Black, J.
          v.                    Bowman, M.J.

DONNA L. WOLF, et al.,

      Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13