UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee, on
behalf of the registered holders of
GSAMP Trust 2005-HE-1,
Mortgage Pass-Through Certificates,
Series 2005-HE1
3815 South West Temple
Salt Lake City, Utah 84115-4412

      Plaintiff,

vs.

DONNA L. WOLF, *et al.*,

      Defendants.

Case No. 1:15-cv-814

Judge Timothy S. Black
Magistrate Judge Stephanie K. Bowman

**DECISION AND ENTRY
ADOPTING IN PART THE REPORT AND RECOMMENDATIONS (Doc. 8)
OF THE UNITED STATES MAGISTRATE JUDGE**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and, on February 5, 2016, submitted a Report and Recommendations ("R&R"). (Doc. 8). Defendants Donna Wolf and James Wolf, Jr. ("Wolf Defendants") objected to the R&R. (Doc. 9). Plaintiff filed a response to the Wolf Defendants' objection. (Doc. 10).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such R&R should be and is hereby **ADOPTED in part**.

The Magistrate Judge recommends that Plaintiff's motion to remand (Doc. 5) be granted. For the reasons stated in the R&R, the Court agrees that it does not have jurisdiction and must remand this case. (Doc. 8). For these same reasons, the Wolf Defendants' objections (Doc. 9) are **OVERRULED**.

The Magistrate Judge also recommended that Plaintiff's request for the imposition of reasonable costs and fees (Doc. 5) be granted. As noted in the R&R, "[a]n order remanding the case <u>may</u> require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). An award of costs and attorney fees is discretionary. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005).

In *Martin*, the Supreme Court limited a district court's discretion to award fees, absent unusual circumstances, to those cases where "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. Here, the Court must also consider the directive that district courts should afford the papers submitted by a *pro se* litigant "some leniency" when determining whether attorney fees should be accessed against that litigant. *Williams v. City of Southfield,* 99 Fed. App'x 44, 46 (6th Cir. 2004).

Given that the Wolf Defendants are proceeding *pro se*, the Court declines to exercise its discretion to award fees on the basis that seeking removal was objectively unreasonable.[1]

Accordingly, for the foregoing reasons:

1. Plaintiff's motion to remand (Doc. 5) is **GRANTED**;

2. This civil action is **REMANDED** as improperly removed;

3. Plaintiff's request for the imposition of reasonable costs and fees (Doc. 5) is **DENIED**;

4. This civil action is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED**.

Date: 4/25/16

_____
Timothy S. Black
United States District Judge

---

[1] The Court reaches this decision notwithstanding the Sixth Circuit's decision in *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910 (6th Cir. 2007). There, the Sixth Circuit found that the District Court did not abuse its discretion in awarding fees and costs under § 1447(c) against the defendants, even though they had been granted *in forma pauperis* status and had filed for bankruptcy. That decision does not require this Court to exercise its discretion in the same manner.

3