UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEUTSCHE BANK NATIONAL TRUST CO.,
on behalf of the registered holders of GSAMP
Trust 2005-HE-1, Mortgage Pass-Through
Certificates, Series 2005-HE1 3815
South West Temple Salt Lake City Utah 84115   Case No. 1:15-cv-814

    Plaintiff,

                                           Black, J.
      v.                                       Bowman, M.J.

DONNA L. WOLF, et al.,

    Defendants.

### REPORT AND RECOMMENDATION

The above captioned case was removed to this Court by two *pro se* Defendants, Donna L. Wolf and James Wolf, Jr. This foreclosure case was filed by the Plaintiff Deutsche Bank National Trust Company (hereinafter "Bank") in state court on March 6, 2016. Removal to this Court by the two *pro se* Defendants appears to have been improperly attempted for the sole purpose of preventing the foreclosure from proceeding against them. Records reflect that the state court entered an order directing the foreclosure and sale of the subject property in January 2016.

Pursuant to local practice, this case was first referred to the undersigned magistrate judge for pretrial proceedings, including a Report and Recommendation on any dispositive motions. See 28 U.S.C. §636(b). On February 5, 2016, the undersigned filed a Report and Recommendation ("R&R") that recommended both granting a motion by the Bank to remand to state court, and to impose an award of fees and costs. On April 26, 2016, the presiding district judge adopted that R&R in part, remanding the case to the Hamilton County Court of Common Pleas, but declining to impose an award of fees and costs against the *pro se*

Defendants.

Undeterred, on May 9, 2016 the *pro se* Defendants filed a "sworn motion for reconsideration…." (Doc. 13). On May 18, the Bank filed a response in opposition to that motion. The undersigned now recommends denial of the Defendants' motion for reconsideration of this Court's April 26, 2016 Order of remand. (*See* Docs. 11, 12).

The reasons for the prior order of remand to state court apply with equal force and are unchanged by any of the arguments or assertions presented in the Defendants' frivolous motion for reconsideration. Rather than repeating this Court's prior analysis in full, the undersigned hereby incorporates, as if fully restated, the background and analysis sections of the February 5, 2016 R&R. (Doc. 8). Briefly, as stated more completely in the prior R&R, the reasons for remand include: (1) the absence of all Defendants who were served in state court; (2) failure of Defendants' "Notice" to comply with 28 U.S.C. §1446(a); (3) the untimeliness of removal under 28 U.S.C. § 1446(b); (4) a lack of any federal subject matter jurisdiction despite Defendants' citation to a "dizzying array of federal laws, statutes, and regulations"; and (5) application of the *Rooker-Feldman* doctrine.

The last portion of the prior R&R concerned the imposition of fees and costs. The Bank had requested the imposition of fees and costs, and the undersigned previously recommended that the amount of $1,200.00 be awarded to the Plaintiff Bank. On April 26, 2016, the presiding district judge exercised his discretion to decline the recommended imposition of fees and costs, based in part on the Defendants' *pro se* status.

In its opposition to the motion for reconsideration, the Bank once again asks this Court to include in its order "an award of just costs and actual expenses, including attorney fees, incurred by Plaintiff as a result of improper removal." (Doc. 14 at 2). The undersigned will

2

again recommend the imposition of $1,200.00 as a sanction against the two Defendants based upon the filing of their most recent motion. Although the amount of $1,200.00 would not include additional costs and fees incurred by the Bank in responding to that same motion, the amount is deemed to be sufficient to deter any future motions filed by the Defendants in this case.

As the undersigned previously wrote in recommending the imposition of a $1,200.00 monetary sanction against the two Defendants based upon the improper removal:

> It is abundantly clear that the Wolf Defendants improperly removed this state foreclosure action without any objectively reasonable basis for doing so. The sole purpose of removal appears to have been to delay or negate the foreclosure state court proceedings. The Wolf Defendants do not proceed *in forma pauperis* in this case, having paid the requisite $400.00 filing fee. In any event, neither a litigant's *pro se* status nor *in forma pauperis* status will preclude the imposition of fees under 28 U.S.C. §1447(c) in a case like this one.

(Doc. 8).

The undersigned previously cited numerous published and unpublished cases that arguably favor the imposition of a monetary sanction against the *pro se* Defendants. *See, e.g., Chase Manhattan Mortg. Corp.*, 910 F.2d 910 (6th Cir. 2007) (imposing costs and fees in the amount of $6513.16 despite grant of in forma *pauperis* status in federal court, and fact defendants had filed for bankruptcy). *See also 3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp.2d 934 (N.D. Ohio 2010)(awarding fees where attorney had no improper purpose and believed in good faith that removal was proper, because removal was still objectively unreasonable); *Countrywide Home Loans, Inc. v. Bartmasser*, Case No. 2:08-cv-805, 2009 WL 4678840 (S.D. Ohio Oct. 22, 2008)(directing plaintiff to file a motion for fees accompanied by an itemized accounting of fees and costs incurred in connection with the motion of remand, in light of lack of "objectively reasonable basis" and "clear prohibition" of removal of mortgage

3

foreclosure case); *Federal Nat. Mortg. Ass'n v. Jaa*, 2014 WL 1910898 at *9 (W.D. Tenn. May 13, 2014)(awarding reasonable attorney's fees against *pro se* defendant proceeding *in forma pauperis* who improperly removed foreclosure-related case, noting that "[t]he court can only surmise that [defendant's] removal is intended to delay the state court proceedings."); *PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014)(affirming award of costs and attorney fees to mortgagee for improper removal of mortgagee's foreclosure action, including expense of defending that award on appeal).

Of course, none of the cited cases require the imposition of costs and fees in this case. And the undersigned understands that it remains within the discretion of the district judge to adopt or decline the recommendation to impose costs and fees. However, because the Defendants' conduct appears to be contumacious, and the motion for reconsideration is so clearly without merit, the undersigned again recommends that fees and costs be awarded in the amount of $1,200.00.

### III. Conclusion and Recommendation

Accordingly, for these reasons, it is therefore **RECOMMENDED:**

1. Defendants' motion for reconsideration (Doc. 13) be **DENIED** and that this case be **REMANDED** as improperly removed;

2. Plaintiff's request for the imposition of reasonable costs and fees (Docs. 5, 14) should be **GRANTED** and the Wolf Defendants should be directed to pay the Plaintiff Bank's reasonable costs and fees in the amount of $1,200.00.

　*s/ Stephanie K. Bowman*　
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DEUTSCHE BANK NATIONAL TRUST CO.,
on behalf of the registered holders of GSAMP
Trust 2005-HE-1, Mortgage Pass-Through
Certificates, Series 2005-HE1 3815
South West Temple Salt Lake City Utah 84115

      Plaintiff,

      v.

DONNA L. WOLF, et al.,

      Defendants.

Case No. 1:15-cv-814

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).